Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MARTIN SANTILLAN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| MARTIN SANTILLAN, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| v. | ) |
| ZENCO COLLECTIONS, LLC, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, MARTIN SANTILLAN ("Plaintiff"), through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, ZENCO COLLECTIONS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Bakersfield, Kern County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Within the past year of Plaintiff filling this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in Richardson, Texas.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

PLAINTIFF'S COMPLAINT

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with Wells Fargo.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. Within the past year of Plaintiff filing this complaint, Defendant began placing collection calls to Plaintiff on Plaintiff's cellular telephone number, ending in 1910, in an attempt to collect the alleged debt.

21. Defendant called Plaintiff from 682-202-7936, which is one of Defendant's telephone numbers.

22. Plaintiff does not owe the debt that Defendant is seeking to collect from him.

23. Even if at one point in time Plaintiff owed the debt, Plaintiff did not owe the debt at the time Defendant sought to collect the debt from Plaintiff, and no longer owes the alleged debt.

24. On multiple occasions since Defendant began calling Plaintiff, Plaintiff has answered Defendant's telephone calls and has spoken with Defendant's collectors.

25. On multiple occasions since Defendant began calling Plaintiff, Defendant has threated to garnish Plaintiff's wages for a debt not owed.

26. On multiple occasions since Defendant began calling Plaintiff, Defendant has threatened to file a lawsuit against Plaintiff for a debt not owed.

27. On multiple occasions since Defendant began calling Plaintiff, Defendant has threatened to have Plaintiff arrested by local authorities for a debt not owed.

28. On multiple occasions since Defendant began calling Plaintiff, Defendant has threatened to put a lien on his vehicle and home for a debt not owed.

29. On multiple occasions since Defendant began calling Plaintiff, Plaintiff had notified Defendant that he settled with the original creditor, Wells Fargo, to satisfy the alleged debt.

30. Despite Plaintiff's repeated disputes, Defendant continued to place collection calls to Plaintiff's cellular telephone.

31. On or about June 26, 2017, Defendant sent Plaintiff a collection letter. *See* letter attached as Exhibit A.

32. The last payment Plaintiff made on this Account was in 2009.

33. If the debt is owed at all, the statute of limitations has passed.

34. The statute of limitations on a written contract in California is four (4) years.

35. Defendant is attempting to collect on a debt on which the statute of limitations has expired.

36. Nothing in Defendant's collection letter disclosed that the debt was time-barred by the statute of limitations.

37. Nothing in Defendant's collection letter disclosed the date of the transaction(s) giving rise to the claimed debt.

38. It is the policy and practice of Defendant to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

39. It is the policy and practice to send letters seeking to collect time-barred debts that do not disclose the dates of the transaction(s) giving rise to the debts.

40. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm). The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

41. On or about June 30, 2017, Defendant's collector, David Cushman, left a voicemail message on Plaintiff's cellular telephone number that stated Plaintiff's account was recommended for garnishment for a debt not owed.

42. On or about June 30, 2017, Agruss Law Firm, LLC, faxed Defendant a representation and cease-and-desist letter requesting Defendant stop calling Plaintiff's cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

43. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant threatened to garnish

    Plaintiff's wages, file a lawsuit against Plaintiff, have Plaintiff arrested, put a lien on Plaintiff's vehicle and home and continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant was notified that Plaintiff did not owe the debt;

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant threatened to garnish Plaintiff's wages, file a lawsuit against Plaintiff, have Plaintiff arrested, put a lien on Plaintiff's vehicle and home and continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant was notified that Plaintiff did not owe the debt;

c. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that the debt was past the statute of limitations;

d. Defendant violated § 1692e(2) of the FDCPA by falsely representing the legal status of any debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

e. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the arrest of any person, garnishment of property and wages, when Defendant threatened to garnish Plaintiff's wages, have Plaintiff arrested, put a lien on Plaintiff's vehicle and home and continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant

was notified that Plaintiff did not owe the debt;

f. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken, when Defendant threatened to file a lawsuit against Plaintiff when the debt was past the statute of limitations;

g. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means in connection with the collection the alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations;

h. Defendant violated § 1692(f) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

i. Defendant violated § 1692(f)(1) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant threatened to garnish Plaintiff's wages, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations.

WHEREFORE, Plaintiff, MARTIN SANTILLAN, respectfully requests judgment be entered against Defendant, ZENCO COLLECTIONS, LLC, for the following:

44. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

45. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

46. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

45. Defendant violated the RFDCPA based on the following:

   a. Defendant violated § 1788.10(e) of the RFDCPA when Defendant threatened to garnish Plaintiff's wages, file a lawsuit against Plaintiff, have Plaintiff arrested, put a lien on Plaintiff's vehicle and home and continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant was notified that Plaintiff did not owe the debt;

   b. Defendant violated § 1788.10(f) of the RFDCPA by threatening to take action against the debtor which is prohibited by the RFDCPA, when Defendant threatened to garnish Plaintiff's wages, file a lawsuit against Plaintiff, have Plaintiff arrested, put a lien on Plaintiff's vehicle and home and continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant was notified that Plaintiff did not owe the debt;

   c. Defendant violated § 1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff, when Defendant threatened to garnish Plaintiff's wages, file a lawsuit against Plaintiff, have Plaintiff arrested, put a lien on Plaintiff's vehicle and home and continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant was notified that Plaintiff did not owe the debt;

    d. Defendant violated § 1788.11(e) of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment, when Defendant continued to place collection calls to Plaintiff when he does not owe the debt and continued to do so after Defendant was notified that Plaintiff did not owe the debt;

    e. Defendant violated the § 1788.13(j) of the RFDCPA by falsely representing that legal proceedings have been or are about to be instituted unless Plaintiff pays his alleged consumer debt, when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that the debt was past the statute of limitations; and

    f. Defendant violated the § 1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

WHEREFORE, Plaintiff, MARTIN SANTILLAN, respectfully requests judgment be entered against Defendant, ZENCO COLLECTIONS, LLC, for the following:

46. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

47. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

48. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  September 18, 2017                   By: /s/ Michael S. Agruss
                                                                    Michael S. Agruss
                                                                    Attorney for Plaintiff

PLAINTIFF'S COMPLAINT

# EXHIBIT A

DocuSign Envelope ID: A4CDB62D-F137-4BC9-A173-184D0F98FFAC



# ZENCO
## ZENCO COLLECTS

PO BOX 851733 RICHARDSON, TX 75085
WWW.ZENCOCOLLECTS.COM
PHONE: 844-368-6626
FAX: 469-320-9800

June 26, 2017

Martin Santillan

Re: DeVille Asset Management
Orig Cred: Wells Fargo
Account: ███████████ 102
Balance: $2,746.58

Dear Martin Santillan:

As an authorized representative of DeVille Asset Management; Zenco Collects will accept $1,373.00 as full and final settlement on the above referenced accounts. No further funds will be due.

Zenco Collects is hereby authorized to electronically debit the account listed on the date(s) specified below:

Terms:
- $1,373.00 due 06/30/2017.

| | |
|---|---|
| **ROUTING NUMBER:** | ███████ |
| **ACCOUNT NUMBER:** | ███████ |
| **NAME ON ACCOUNT: MARTIN SANTILLAN** | |

There is no grace period. If funds are not available on the agreed upon date(s), this settlement agreement will be considered NULL and VOID.

Once funds have cleared all actions will be ceased. In addition, all derogatory credit information regarding this account will reflect the account to be settled.  Please allow ninety (90) days for credit information to be updated. If for any reason the funds do not clear, the agreed upon settlement will be null and void and all legal collection actions will be reinstated immediately. If for any reason you revoke your authorization for this payment you must contact us (3) business days prior to the scheduled payment date.

You are also giving Zenco permission to correspond with you via email provided for this document ███████████@GMAIL.COM).

Sincerely,

*James Lester*
Manager

SIGNATURE: *Martin G Santillan*  (DocuSigned by, D80640894F444AA)   DATE: 6/26/2017

I authorize Zenco Collects to charge the checking account indicated in this authorization form according to the terms outlined above. This payment authorization is for the payment arrangement described above, for the amount indicated only. I certify that I am an authorized user of this checking account and that I will not dispute the payment with my bank; so long as the transaction corresponds to the terms indicated on this form.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

PO BOX 851733 RICHARDSON, TX 75085  PH: 844-368-6626 FAX: 469-320-9800